UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITTLESTONE, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HANDI-CRAFT COMPANY, a Missouri Corporation,<br><br>Defendant. | Case No.: C08-04193 SBA<br><br>**ORDER**<br>**[Docket No. 13]** |

Before the Court is Defendant Handi-Craft Company's ("Handi-Craft") Motion to Dismiss Plaintiff Whittlestone, Inc.'s ("Whittlestone") Second Claim for Relief for Restitution pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Having read and considered Handi-Craft's Motion to Dismiss, including all supporting and opposition papers filed in connection therewith, the Court hereby makes the following findings:

1. Whittlestone in Paragraphs 19 through 22 of its Complaint alleges the following: (1) Handi-Craft requested Whittlestone to tender Handi-Craft a refund, credits, and discounts for purposes of Handi-Craft meeting its product purchase obligations under the twenty-year contract; (2) Whittlestone tendered the refund, credits, and discounts that Handi-Craft requested based on Handi-Craft's assurances of an ongoing business relationship with Whittlestone; (3) Whittlestone tendered the requested benefits based on the assurances of an anticipated long-term business relationship; (4) after Handi-Craft received the refund, credits, and discounts, it breached and repudiated the twenty-year

contract contrary to the assurances it provided Whittlestone; and (5) Handi-Craft has retained these benefits without paying their reasonable value at the detriment and expense of Whittlestone.

2. Whittlestone's factual allegations in Paragraphs 19 through 22 of the Complaint demonstrate that Whittlestone conferred benefits to Handi-Craft and that the circumstances under which Handi-Craft received and retained the benefits without paying their reasonable value is unjust. *Ghirardo v. Antonioli*, 14 Cal. 4th 39, 51 (1996); *Cridlebaugh v. Putnam County State Bank of Milan*, 192 S.W. 3d 540, 543 (Mo. Ct. App. 2006); *White v. Camden County Sheriff's Department*, 106 S.W. 3d 626, 634 (Mo. Ct. App. 2003); *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000).

3. As a result, Whittlestone states facts in Paragraphs 19 through 22 of the Complaint sufficient to support its Second Claim for Relief for Restitution, and Whittlestone is entitled to obtain restitution from Handi-Craft if it can prove those factual allegations. *Gilligan v. Jamco Development Corp.*, 108 F. 3d 246, 248 (9th Cir. 1997); *see Ghirardo v. Antonioli*, 14 Cal. 4th 39, 51 (1996); *Cridlebaugh v. Putnam County State Bank of Milan*, 192 S.W. 3d 540, 543 (Mo. Ct. App. 2006); *White v. Camden County Sheriff's Department*, 106 S.W. 3d 626, 634 (Mo. Ct. App. 2003); *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000).

Accordingly, IT IS HEREBY ORDERED THAT Handi-Craft's Motion to Dismiss Whittlestone's Second Claim for Relief for Restitution is **DENIED**.

IT IS SO ORDERED.

DATED: 11/18/08                    _____
                                   THE HONORABLE SAUNDRA B. ARMSTRONG

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28