UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHITTLESTONE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>HANDI-CRAFT COMPANY, a Missouri corporation,<br><br>Defendant. | No. CV 08-04193 SBA<br><br>**ORDER**<br>**[Docket No. 12]** |

The matter comes before the Court on Defendant Handi-Craft Company's ("Defendant" or "Handi-Craft") Motion to Strike Portions of Plaintiff's ("Plaintiff" or "Whittlestone") Complaint ("Complaint") pursuant to Fed. R. Civ. P.12(f). Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court hereby GRANTS Defendant's Motion to Strike Portions of Plaintiff's Complaint pursuant to Fed. R. Civ. P.12(f).

## **BACKGROUND**

Whittlestone filed its Complaint for Breach of Contract ("Complaint") on September 4, 2008. The Complaint generally alleges that, on March 23, 2006, Whittlestone, a California Corporation, and Handi-Craft, a Missouri Corporation, entered into and executed a written contract ("Agreement") for the sale of Whittlestone products to Handi-Craft for resale to third parties. The Agreement was attached as an exhibit to the Complaint and incorporated by reference. The terms of the Agreement are alleged to include a duration of 20 years and a requirement that Handi-Craft make purchases satisfying either a minimum annual unit or dollar amount requirement. The Complaint further alleges that Handi-Craft terminated the Agreement on June 12, 2008, that such termination did not comport with the contract required process and that the termination constituted a breach of the contract. Handi-Craft disputes Plaintiff's claim and further alleges that Whittlestone failed to meet its own obligations under the Agreement.

As part of Plaintiff's claims for damages, the Complaint seeks the recovery of "lost profits" and other consequential damages. Complaint at ¶ 17. The Agreement contains a provision that, according to Defendant, precludes liability with respect to prospective profits and other consequential damages upon termination of the Agreement by either party. As such, Defendant claims that Plaintiff is precluded from recovering such damages as a matter of law and argues that the claim for lost profits and other consequential damages is irrelevant to the issues set forth in the Complaint and should be stricken pursuant to Fed. R. Civ. P. 12(f).

## LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provides that a party may move to strike "any redundant, immaterial, impertinent or scandalous matter." A Rule 12(f) motion may be used to strike a prayer for relief when the damages sought are not recoverable as a matter of law. Wells v. The Board of Trustees of the California State University, 393 F. Supp. 2d 990, 994-995 (N.D. Cal 2005); Serpa v. SBC Telecomms., Inc., 2004 U.S. Dist. LEXIS 18307, *7 (N.D. Cal. 2004); Tapley v. Lockwood Green Engineers, Inc., 502 F. 2d 559, 560 (8th Cir. 1974) (prayer for damages exceeded maximum allowed by statute).

## ANALYSIS

**A. Contractual Provisions Precluding The Recovery Of Prospective Lost Profits And Other Consequential Damages Are Valid Under Both Missouri And California Law**

Under Missouri law, absent evidence of unequal bargaining power or bad faith, contractual terms that effectively preclude recovery of consequential damages for breach are valid and enforceable. General Electric Capital Corp. v. Rauch, 970 S.W. 2d 348, 358 (Mo. App. S.D. 1998) (holding that the parties' agreement effectively excluded consequential damages as a remedy available and that the exclusion of such consequential damages was not unconscionable; citing separate authority to hold that "there is a presumption of conscionability when the contract is between [parties] in a commercial setting"). See also Trinity Products, Inc. v. Burgess Steel, LLC,

486 F. 3d 325, 331 (8th Cir. 2007) ("Disclaimers of consequential and incidental damages in commercial contracts are generally enforceable under Missouri law"); Carpenter v. Chrysler Corp., 853 S.W. 2d 346 (Mo. App. E.D. 1993) ("The limitation in the manufacturer's warranty specifically provided that the warranty did not cover 'incidental or consequential damages such as loss of use of the vehicle, loss of time, inconvenience, expense for gasoline, telephone, travel or lodging, loss of damage to personal property, commercial loss, loss of revenue or other matters not specifically included.'  This limitation is a valid limitation or exclusion under Section 400.2-719(3), RS Mo 1986, unless it is unconscionable.")

Similarly, under California statutory and case law, contractual provisions limiting liability in commercial contracts are generally enforceable.  In particular, section 2719 of the California Uniform Commercial Code states, in pertinent part, that:

> [c]onsequential damages may be limited or excluded unless the limitation or exclusion is unconscionable…Limitation of consequential damages where the loss is commercial is valid unless it is proved that the limitation is unconscionable.

Cal. U. Com. Code § 2719(3) (2008).  See also, Philippine Airlines, Inc. v. McDonnell Douglas Corp., 189 Cal. App. 3d 234 (1987) (finding a limitation of liability clause, which, among other exclusions, excluded recovery of damages resulting from the loss of revenue, loss of profit, and consequential damages, to be enforceable because it was 'the result of a private, voluntary transaction in which one party, for a consideration, agrees to shoulder a risk which the law would otherwise have placed upon the other party"); Markborough California, Inc., v. Superior Court, 227 Cal. App. 3d 705, 714 (1991) ("Limitation of liability provisions long been recognized as valid in California.").

As noted above, the underlying facts involve a California corporation (Whittlestone) and a Missouri corporation (Handi-Craft).  Complaint at ¶¶ 1-2.  The contract between the parties does

not contain a choice of law provision. However, for purposes of the instant motion, the Court finds that it is not necessary to make the determination of which state's substantive law should apply because there appears to be no conflict of law with respect to the issue of contractual limitations on liability.

### B. The Parties' Agreement Precludes Plaintiff's Ability To Recover Prospective Lost Profits And Other Consequential Damages As A Matter Of Law

It is appropriate for a court to take into account documents attached as exhibits to a pleading and specifically incorporated by reference to determine if the documents demonstrate that a cause of action or claim for relief is not available to the plaintiff. Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F. 2d 1542, 1555 (9th Cir. 1990) (accord but strictly applying to Rule 12(b)(6)); Kaufman & Broad–South Bay v. Unisys Corp., 822 F. Supp. 1468, 147 (N.D. Cal. 1993) (accord but strictly applying to Rule 12(b)(6)).

Here, the Court may examine the Agreement because it was attached to the Complaint and incorporated into the Complaint by reference. See Complaint at 5:10-11. The pertinent portion of the Agreement states that:

> "neither party, by reason of the termination . . . of this Agreement for any or all of the Whittlestone products, shall be liable to the other *for compensation, reimbursement or damages because of the loss of anticipated sales or prospective profits or because of expenditures, investments, leases, property improvements or other matters related to the business or good will of either party*."

Agreement at ¶ 20(d) (emphasis added). As such, if the text of this broad provision is applicable, it limits the ability of both parties to recover prospective lost profits and other consequential damages in the event of a "termination."

The damage limiting provisions of Paragraph 20(d) are applicable to the facts alleged in the Complaint because it is alleged that "[o]n June 12, 2008, HANDI-CRAFT terminated the contract." Complaint at ¶10. In fact, Plaintiff's entire breach of contract claim stems from the allegedly

improper "termination" of the contract by Defendant. Indeed, the Complaint states that "HANDI-CRAFT's attempt to terminate the contract was wrongful and a **breach of the contract**." Id. (emphasis added). In addition, the language of the contract makes clear that the term "termination" and the ensuing damage limitations set forth in Paragraph 20(d) apply to terminations derived from breaches of the Agreement. Specifically, the Agreement states, in pertinent part, that:

> [u]pon termination of this Agreement as to any of all of the Whittlestone Products as a result of a material breach by Whittlestone, Handi-Craft, at its option…**Upon termination of this Agreement** as to any or all of the Whittlestone Products **as a result of a material breach by Handi-Craft**, Whittlestone at its option….

Agreement at ¶ 20(f) (emphasis added). This language demonstrates that the parties intended "termination", as used in the Agreement, to encompass termination resulting from a material breach of the Agreement. As a result, the limiting provisions of Paragraph 20(d) preclude Plaintiff's ability, as a matter of law, to seek certain forms of damages.

In this case, Rule 20(d) applies to preclude certain of the damages Plaintiff seeks to recover by its Complaint as a matter of law. The Complaint alleges that:

> [a]s a result of HANDICRAFT's breach, WHITTLESTONE has suffered damages **including loss of value of the twenty year contract for WHITTLESTONE products including minimum annual unit or dollar purchases by HANDI-CRAFT, lost profits, consequential damages, otherwise unearned credits and discounts granted to HANDI-CRAFT**…

Complaint at ¶ 17 (emphasis added). The language of the Agreement precludes Plaintiff's ability to seek the "lost profits" alleged in Paragraph 17 of the Complaint. It also precludes all damages tied to "compensation, reimbursement or damages because of the loss of anticipated sales." Agreement at ¶ 20(d). This clearly includes the "loss of value of the twenty year contract…including minimum annual unit or dollar purchases…" as set forth in the Complaint because this type of damage is directly related to the "loss of anticipated sales." Finally, the alleged "unearned credits and discounts

granted to HANDI-CRAFT" are also precluded by the Agreement because they are damages or requests for reimbursement that arise from "other matters related to the business or good will of either party." Accordingly, the language of the Complaint highlighted above, seeking the recovery of lost profits and other consequential damages, should be stricken.

## **CONCLUSION**

The Court hereby ORDERS AS FOLLOWS:

1.  Defendant Handi-Craft Company's Motion to Strike Portions of Plaintiff's Complaint pursuant to Fed. R. Civ. P.12(f) is GRANTED. Specifically, the following portions of the Complaint are deemed stricken:

> including loss of value of the twenty year contract for WHITTLESTONE products including minimum annual unit or dollar purchases by HANDI-CRAFT, lost profits, consequential damages, otherwise unearned credits and discounts granted to HANDI-CRAFT…
> Complaint at ¶ 17.

2.  Accordingly, Plaintiff shall file a First Amended Complaint deleting the above language within twenty days.

IT IS SO ORDERED.

DATED: 11/18/08                              _____
                                             Saundra Brown Armstrong
                                             JUDGE OF THE UNITED STATES
                                             DISTRICT COURT