IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITTLESTONE, INC., | No. C 08-4193 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 41] |
| HANDI-CRAFT CO., | |
| Defendant. | |

Before the Court is Plaintiff's "Motion Seeking Leave to File Motion for Reconsideration or Clarification," [Docket No. 41] and Defendant's Opposition [Docket No. 46].

Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. For the reasons given below, the Court DENIES the plaintiff's motion for leave to file a motion for reconsideration.

**BACKGROUND**

On September 4, 2008, Whittlestone filed a complaint against Handi-Craft for breach of contract. On October 9, 2008, Handi-Craft filed a Motion to Strike Portions of Plaintiff's Complaint [Docket No. 12], and a Partial Motion to Dismiss for Failure to State a Claim [Docket No. 13]. On November 19, 2008, this Court denied the Motion to Dismiss [Docket No. 27] and granted the Motion to Strike [Docket No. 28].

As part of the plaintiff's claim for damages, paragraph 17 of the Complaint seeks recovery of "lost profits" and other consequential damages. The Court found that the contract between the parties contains a provision, ¶20d, that precludes liability with respect to "loss of anticipated sales and prospective profits," as a result of the termination of the contract by either party. The Court also found that Plaintiff specifically alleges that Handi-Craft breached the contract by attempting to terminate it (Compl. ¶10). As a result, the Court agreed with defendant that the portion of the damages provision

in paragraph 17 should be stricken because it is precluded as a matter of law. The Court ordered the following language stricken:

> including loss of value of the twenty year contract for WHITTLESTONE products including minimum annual unit or dollar purchases by HANDI-CRAFT, lost profits, consequential damages, otherwise unearned credits and discounts granted to HANDI-CRAFT...

Compl. at ¶ 17.

On December 5, 2008, Whittlestone filed an Amended Complaint comporting with the Court Order to strike potions of the complaint. [Docket No. 31]. On December 15, 2008, Handi-Craft filed an Answer to the Amended Complaint. [Docket No. 39]. On January 22, 2009, Whittlestone filed a Motion for Leave to File a Motion for Reconsideration or Clarification of the Court Order to strike portions of the complaint. [Docket No. 41]. On January 28, 2009, Handi-Craft filed an Opposition to the Motion. [Docket No. 46].

**Legal Standard**

Under Civil Local Rule 7-9(b), before leave to file a motion for reconsideration is granted, the moving party must specifically show:

(1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

**Analysis**

First, Whittlestone does not claim that its motion falls within any of the three prongs under Civil Local Rule 7-9(b). For reconsideration to be granted, the rule explicitly states that the moving party must show either: 1.) a material difference in fact or law exists from that which was presented to the Court; 2.) the emergence of new material facts or a change of law occurring; or 3.) a manifest failure by the Court to consider material facts or dispositive legal arguments. Whittlestone's argument that

it has parol evidence to support its contentions is unavailing under the standard of Local Rule 7-9. Even if the Court were inclined to consider parol evidence, plaintiff does not claim that it had no knowledge of the existence of the parol evidence when it filed the complaint or when it opposed the defendant's motion to strike. Thus, any such evidence is hardly a "newly discovered material fact" for the purposes of L.R. 7-3(b)(2).

Second, Whittlestone's request is actually for a clarification "that the Court did not intend and will not preclude the litigation of the issues of Handi-Craft's purported "termination" under the terms of the agreement..." [Plaintiff's Motion, 6:19-6:21]. Whittlestone's concern is that the Order is unclear about the scope of damages. Handi-Craft contends the Order is clear and that the order to strike a portion of the damages provision means the stricken damages are not recoverable as a matter of law. The Court agrees with Handi-Craft that the Order is unambiguous. The claimed damages affected by the Court's order are limited to those that have already been stricken from the complaint.

### Conclusion

For the foregoing reasons, the plaintiff's Motion for Leave to File a Motion for Reconsideration or Clarification is DENIED.

IT IS SO ORDERED.

Dated: 2/11/09

SAUNDRA BROWN ARMSTRONG
United States District Judge

3