MARK B. FREDKIN, ESQ. (SBN 53550)
WILLIAM SIAMAS, ESQ. (SBN 133111)
DAVID A. KAYS, ESQ. (SBN 120798)
MORGAN, FRANICH, FREDKIN & MARSH
99 Almaden Boulevard, Suite 1000
San Jose, California  95113-1613
Telephone: (408) 288-8288
Facsimile:  (408) 288-8325

Attorneys for Plaintiff
WHITTLESTONE, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| WHITTLESTONE, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>HANDI-CRAFT COMPANY, a Missouri corporation,<br><br>Defendants. | Case No. CV 08-04193 SBA<br><br>**STIPULATION FOR ORDER AND ORDER TO ALLOW FILING OF SECOND AMENDED COMPLAINT, ANSWER TO SECOND AMENDED COMPLAINT AND COUNTER-CLAIM** |

Pursuant to the May 20, 2011 Order for Pretrial Preparation, Plaintiff WHITTLESTONE, INC. and Defendant HANDI-CRAFT COMPANY, by and through their counsel, hereby stipulate to the following and request an Order from the Court as follows:

1.     That WHITTLESTONE, INC. be allowed to file its Second Amended Complaint, attached hereto as Exhibit A, no later than June 8, 2011; and

2.     That HANDI-CRAFT be allowed to file its Answer to Second Amended Complaint and Counterclaim, attached hereto as Exhibit B, no later than June 8, 2011.

**IT IS SO STIPULATED.**

MORGAN, FRANICH, FREDKIN & MARSH

/s/ David A. Kays

Dated: June 6, 2011.          By:_____
                                          David A. Kays
                                   Attorneys for Plaintiff
                                   WHITTLESTONE, INC.

BURNHAM BROWN
HERZOG CREBS, LLP

/s/ Rohit A. Sabnis

Dated: June 6, 2011.          By:_____
                                          Rohit A. Sabnis
                                   Attorneys for Defendant
                                   HANDI-CRAFT COMPANY

**O R D E R**

Pursuant to the above Stipulation, **IT IS SO ORDERED.**

DATED: June 14, 2011.          _____
                               HON. SAUNDRA B. ARMSTRONG
                               UNITED STATES DISTRICT JUDGE

2

1  MARK B. FREDKIN, ESQ. (SBN 53550)
   WILLIAM SIAMAS, ESQ. (SBN 133111)
2  MORGAN, FRANICH, FREDKIN & MARSH
   99 Almaden Boulevard, Suite 1000
3  San Jose, California 95113-1613
   Telephone: (408) 288-8288
4  Facsimile: (408) 288-8325

5  Attorneys for Plaintiff
   WHITTLESTONE, INC.
6

7

8                   UNITED STATES DISTRICT COURT
9                 NORTHERN DISTRICT OF CALIFORNIA
10                      OAKLAND DIVISION
11

12
   WHITTLESTONE, INC., a California          Case No. CV 08-04193 SBA
13 corporation,
                                             **SECOND AMENDED COMPLAINT**
14                Plaintiffs,

15 vs.

16 HANDI-CRAFT COMPANY, a Missouri
   corporation,
17
                  Defendants.
18

19

20     Plaintiff WHITTLESTONE, INC. alleges:

21                          **Parties**

22     1.    Plaintiff WHITTLESTONE is a California corporation with its principal place

23 of business in California.

24     2.    WHITTLESTONE is informed and believes that defendant HANDI-CRAFT

25 COMPANY is a Missouri corporation with its principal place of business in Missouri.

26                  **Jurisdiction and Venue**

27     3.    This Court has jurisdiction over this action pursuant to 28 USC §1332.  The

28 amount in controversy exceeds $75,000.00, exclusive of interests and costs.  Venue in the

                                    1

EXHIBIT A

1    Northern District of California is appropriate pursuant to 28 USC § 1391(a)(1) and (2).

2    **Intradistrict Assignment**

3    4.      A significant or substantial part of the events and/or omissions which give rise

4    to this action arose in the county of Contra Costa.  Pursuant to Civil Local Rules 3-2(c) and

5    (e), assignment to the Oakland Division of this Court is appropriate.

6    **Facts**

7    5.      On March 23, 2006, WHITTLESTONE and HANDI-CRAFT entered into and

8    executed a written contract for, among other matters, the sale of WHITTLESTONE

9    products by WHITTLESTONE to be purchased by HANDI-CRAFT for resale to third

10   parties including stores such as Babes R Us. A copy of the written contract is attached as

11   Exhibit A and incorporated by reference into the allegations of this paragraph.

12   6.      The contract was for a term of twenty years and included terms setting forth

13   annual minimum unit purchases or alternatively minimum purchase amounts by HANDI-

14   CRAFT from WHITTLESTONE. The total minimum amount of products HANDI-

15   CRAFT was obligated to purchase from WHITTLESTONE exceeds $100 million from

16   which WHITTLESTONE would profit in excess of $40 million.  The contract states that

17   "Handi-Craft's failure to purchase the minimum amounts shall be a material breach under

18   this Agreement."

19   7.      The contract states that Whittlestone and Handi-Craft intend "to offer retailers

20   a mutually agreed upon co-brand utilizing the Handi-Craft Marks and the Whittlestone

21   Marks," and "whereby Handi-Craft may also sell Whittlestone Products to Babies R Us /

22   Toys R Us and other retailers … ."  It further requires HANDI-CRAFT "to use its best

23   efforts to sell the Whittlestone Products."

24   8.      The contract included terms setting forth the method and process for the

25   approval of WHITTLESTONE products by HANDI-CRAFT that were to be purchased by

26   HANDI-CRAFT from WHITTLESTONE and terms setting forth the procedure and

27   requirements for HANDI-CRAFT orders to WHITTLESTONE for the sale and delivery of

28   WHITTLESTONE   products.   The   contract   terms   addressed   how   perceived

2

(No. CV 08-04193 SBA)
Second Amended Complaint

EXHIBIT A

WHITTLESTONE product issues were to be addressed:

> In the event that any Whittlestone Product: (a) is not compatible with Handi-Craft Bottles or (b) is not manufactured to the specifications of the Whittlestone Products approved and accepted by Handi-Craft in writing (or as modified under Section 6 of This Agreement) or does not with all applicable government regulations and industrial standards, Handi-Craft shall give Whittlestone written notice of such non-compatibility and/or non-compliance ("Defect")   For all other Defects, the [sic] Whittlestone will then have forty-five days to cure such Defect. In the event that Whittlestone does not cure such Defect, then Handi-Craft will have no further obligation to purchase such said Whittlestone Product until such time that Handi-Craft certifies that said Product is in compliance. Further, in the event that Whittlestone does not cure said Defect, it shall be in breach of this Agreement.

9.    The contract included specific provisions for the termination of the contract by either party. In particular, the contract provided:

> This Agreement may be terminated as to any or all of the Whittlestone Products by Handi-Craft upon at least forty-five (45) days prior written notice to Whittlestone in the event of the occurrence of any of the following events and Whittlestone's failure to cure said default within said time:
>
> ***
>
> 2. If Whittlestone shall at any time commit a breach of its obligations or fails or omits to perform any of its material obligations herein.

10.    WHITTLESTONE did not breach any of its obligations of the contract, or fail or omit to perform any contractual obligations.

11.    WHITTLESTONE performed all obligations on its part to be performed under the terms of the contract for products ordered and delivered in amounts in excess of $100,000.

12.    On June 12, 2008 HANDI-CRAFT purported to terminate the contract. Prior to the June 12, 2008 termination HANDI-CRAFT had not provided any written notice of Defect or failure to perform by WHITTLESTONE as required by the contract terms or demanded WHITTLESTONE's cure pursuant to the terms of the contract, therefore HANDI-CRAFT's attempt to terminate the contract was wrongful and a breach of the contract.

.    13.    WHITTLESTONE advised HANDI-CRAFT that its June 12, 2008 letter

EXHIBIT A

1   termination of the contract did not comport with the contract-required process and sought

2   HANDI-CRAFT's clarification of whether it considered the contract terminated or not. In

3   response, HANDI-CRAFT in a June 16, 2008 letter did not acknowledge that its purported

4   termination of the contract by its June 12, 2008 letter did not comply with the contract, but

5   purported to identify a product Defect for which no notice and demand for cure as required

6   by the contract had been made by HANDI-CRAFT, and WHITTLESTONE's failure to

7   deliver product under two specifically identified invoices, as failures to perform under the

8   contract and gave WHITTLESTONE 45 days to cure the failures. The contents of HANDI-

9   CRAFT's June 16, 2008 letter were pretextual as the alleged defects did not exist and

10   HANDI-CRAFT had no intention of allowing WHITTLESTONE to cure.

11       14.    HANDI-CRAFT's June 16, 2008 letter demanding performance was a sham

12   and contrary to the covenant of good faith and faith dealing inherent in the contract

13   because HANDI-CRAFT had advised its customers that HANDI-CRAFT was no longer

14   selling the WHITTLESTONE products produced under the contract before the 45 day cure

15   period stated in the June 16, 2008 letter had expired.

16       15.    WHITTLESTONE remains ready to perform all of its obligations under the

17   contract, but the contract has been breached and repudiated by HANDI-CRAFT.

18                    **FIRST CLAIM FOR RELIEF**

19                **(Damages For Breach of Contract)**

20       16.    WHITTLESTONE incorporates by reference each of the preceding allegations.

21       17.    WHITTLESTONE has performed all its obligations under the contract

22   between HANDI-CRAFT and WHITTLESTONE except those obligations that have been

23   excused or prevented by HANDI-CRAFT.

24       18.    HANDI-CRAFT has breached the contract between HANDI-CRAFT and

25   WHITTLESTONE by its purported termination of the contract contrary to the terms of the

26   agreement and effective repudiation of the contract, by failing and refusing to purchase

27   products in the minimum amounts required by the contract and by failing to use best

28   efforts to sell the Whittlestone Products.

4

EXHIBIT A

25.     Inherent in the contract between HANDI-CRAFT and WHITTLESTONE is a covenant of good faith and fair dealing which prohibits HANDI-CRAFT from doing anything which will have the effect of destroying or injuring the right of WHITTLESTONE to receive the fruits of the contract and to exercise its powers in accordance with commercially reasonable standards.   HANDI-CRAFT breached the implied covenant of good faith and fair dealing by purporting to terminate the contract for the reasons indicated in its June 16, 2008, letter which were exercised in bad faith and not in accordance with commercially reasonable standards.

19.     As the results of HANDI-CRAFT's breach, WHITTLESTONE has suffered damages in excess of $250,000, and other damages, in a total amount subject to proof at trial.

## SECOND CLAIM FOR RELIEF

### (Specific Performance

### In The Alternative To Damages Remedy)

20.     WHITTLESTONE incorporates by reference each of the preceding allegations.

21.     WHITTLESTONE alleges that it is legally entitled to damages for HANDI-CRAFT's breach and repudiation of the contract.   However, if and to the extent that the damages remedy is not available to WHITTLESTONE or otherwise an adequate remedy, WHITTLESTONE seeks specific performance of the contract.   In this regard, WHITTLESTONE is ready, willing  and able to perform all of the obligations required on its part under the contract, the consideration given and promised by WHITTLESTONE is fair and reasonable and the contract is just and reasonable as to HANDI-CRAFT.

22.     As alleged above, WHITTLESTONE has performed all its obligations under the contract except those obligations that have been excused or prevented by HANDI-CRAFT, and HANDI-CRAFT has breached the contract and has refused to perform all of its past and prospective obligations thereunder.

23.     In the alternative to the First Claim For Relief, HANDICRAFT is entitled to an judgment for specific performance obligating HANDI-CRAFT to perform each and every

(No. CV 08-04193 SBA)
Second Amended Complaint

EXHIBIT A

obligation on its part under the contract, including the obligations to make purchases of WHITTLESTONE products in the minimum amounts required by the contract and to use best efforts to sell the Whittlestone Products.

## THIRD CLAIM FOR RELIEF

### (Restitution)

24.     WHITTLESTONE incorporates by reference each of the preceding allegations.

25.     In the course of its performance of its contract obligations, WHITTLESTONE received requests from HANDI-CRAFT for a refund of an invoice deposit of some $82,000, and tendered merchandise credits and invoice discounts which HANDI-CRAFT used to acquire products from WHITTLESTONE which HANDI-CRAFT sold for its own account and benefit. WHITTLESTONE provided the refund, credits and discounts requested by HANDI-CRAFT. Such refund, credits and discounts were not required on the part of WHITTLESTONE under the terms of the contract, but rather tendered with the understanding and assurances from HANDI-CRAFT that such sums were part and parcel of the ongoing business relationship and twenty- year contract which included minimum annual unit or dollar purchases by HANDI-CRAFT.

26.     By its breach and repudiation of the contract, HANDI-CRAFT has reaped the benefits of the refund, credit and discounts tendered by WHITTLESTONE as part of anticipated long-term contractual relationship that HANDI-CRAFT would not have otherwise received, and by which HANDI-CRAFT has been and is unjustly enriched at the expense of WHITTLESTONE.

27.     Even if HANDI-CRAFT could be entitled terminate or end its contract with WHITTLESTONE, HANDI-CRAFT has no entitlement to amounts that it was not entitled to under the terms of the contract or to be unjustly enriched by retaining such amounts, to the detriment and at the expense of WHITTLESTONE.

28.     WHITTLESTONE is entitled to recover as restitution from HANDI-CRAFT the sum by which HANDI-CRAFT has been unjustly enriched in a total amount subject to proof at trial.

6

EXHIBIT A

# PRAYER FOR RELIEF

WHEREFORE, plaintiff WHITLESTONE prays for judgment against defendant HANDI-CRAFT as follows:

1.     For compensatory damages in an amount to be proved at trial;

2.     In the alternative to compensatory damages, for specific performance of the contract, plus incidental damages allowed by law.

3.     For an award of costs of suit incurred herein; and

4.     For such other and further relief as the Court deems just and proper.

Dated: April ___, 2011                    MORGAN, FRANICH, FREDKIN & MARSH


                                    By:_____
                                            Attorneys for Plaintiff

(No. CV 08-04193 SBA)
Second Amended Complaint

EXHIBIT A

1

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment of the United States Constitution, Article I, section 16 of the Constitution of the State of California and California Code of Civil Procedure section 592, WHITTLESTONE, INC. request a trial by jury of all claims and issues so triable.

Dated: April ___, 2011                    MORGAN, FRANICH, FREDKIN & MARSH

By:_____
                    Attorneys for Plaintiff

(No. CV 08-04193 SBA)
Second Amended Complaint

EXHIBIT A

**DRAFT 5-31-11**

BURNHAM BROWN
Dean Pollack State Bar No. 176440
Rohit A. Sabnis, State Bar No. 221465
1901 Harrison Street, 11th Floor
Oakland, CA 94612
Telephone:     (510) 444-6800
Facsimile:     (510) 835-6666
E-Mail address: dpollack@burnhambrown.com
                rsabnis@burnhambrown.com

HERZOG CREBS LLP
Peter W. Herzog, *Pro Hac Vice*
Michael A. Vitale, *Pro Hac Vice*
100 North Broadway, 14th Floor
St. Louis, MO 63102
Telephone:     (314) 231-6700
Facsimile:     (314) 231-4656
E-Mail address: pwh@herzogcrebs.com
                mav@herzogcrebs.com

Attorneys for Defendant/Counter-Claimant
HANDI-CRAFT COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| WHITTLESTONE, INC., a California corporation,<br><br>       Plaintiff,<br><br>v.<br><br>HANDI-CRAFT COMPANY, a Missouri corporation,<br><br>       Defendants.<br><br>―――――――――――――――――<br><br>HANDI-CRAFT COMPANY,<br><br>       Counter-Claimant,<br><br>v.<br><br>WHITTLESTONE, INC.,<br><br>       Counter-Defendant. | No. CV 08-04193 SBA<br><br>Assigned to the Hon. Saundra B. Armstrong, Courtroom 3<br><br>**DEFENDANT HANDI-CRAFT COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIM**<br><br><u>**JURY TRIAL DEMANDED**</u><br><br>Action Filed:  September 4, 2008 |

1

EXHIBIT B

**ANSWER**

Comes now defendant, Handi-Craft Company ("Handi-Craft"), and for its Answer to Plaintiff Whittlestone, Inc.'s ("Whittlestone") Second Amended Complaint ("SAC"), states as follows:

Handi-Craft denies, generally and specifically, each and every allegation, matter and thing contained in Whittlestone's SAC, except as hereinafter expressly admitted, alleged or qualified.

**Parties**

1.    Answering paragraph 1 of the SAC, Handi-Craft is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

2.    Answering paragraph 2 of the SAC, Handi-Craft admits it is a Missouri corporation and that its principal place of business is located in Missouri.

**Jurisdiction and Venue**

3.    Answering paragraph 3 of the SAC, Handi-Craft admits the allegations contained in paragraph 3.

**Intradistrict Assignment**

4.    Answering paragraph 4 of the SAC, Handi-Craft admits the allegations contained in paragraph 4.

**Facts**

5.    Answering paragraph 5 of the SAC, Handi-Craft admits it entered into an Agreement with Whittlestone on or about March 23, 2006, a copy of which is attached to the SAC as Exhibit A (the "Agreement").  Handi-Craft denies the remaining allegations contained in paragraph 5 and states that the written Agreement between Whittlestone and Handi-Craft speaks for itself.

6.    Answering paragraph 6 of the SAC, Handi-Craft admits that paragraph 6 purports to restate or paraphrase some of the terms of the written Agreement between the parties and,

2

EXHIBIT B

1    further, that Paragraph 6 accurately quotes a portion of that Agreement. Handi-Craft denies the

2    remaining allegations contained in paragraph 6 and states that the written agreement between

3    Whittlestone and Handi-Craft speaks for itself.

4         7.    Answering paragraph 7 of the SAC, Handi-Craft admits that paragraph 7 purports

5    to restate or paraphrase some of the terms of the written Agreement between the parties and,

6    further, that paragraph 7 accurately quotes a portion of that Agreement. Handi-Craft denies the

7    remaining allegations contained in paragraph 7 and states that the written agreement between

8    Whittlestone and Handi-Craft speaks for itself.

9         8.    Answering paragraph 8 of the SAC, Handi-Craft admits that paragraph 8 purports

10   to restate or paraphrase some of the terms of the written Agreement between the parties and,

11   further, that paragraph 8 accurately quotes a portion of that Agreement. Handi-Craft denies the

12   remaining allegations contained in paragraph 8 and states that the written agreement between

13   Whittlestone and Handi-Craft speaks for itself.

14        9.    Answering paragraph 9 of the SAC, Handi-Craft admits that paragraph 9 purports

15   to restate or paraphrase some of the terms of the written Agreement between the parties and,

16   further, that paragraph 9 accurately quotes a portion of that Agreement. Handi-Craft denies the

17   remaining allegations contained in paragraph 9 and states that the written agreement between

18   Whittlestone and Handi-Craft speaks for itself.

19        10.   Answering paragraph 10 of the SAC, Handi-Craft denies each and every

20   allegation contained in paragraph 10.

21        11.   Answering paragraph 11 of the SAC, Handi-Craft denies each and every

22   allegation contained in paragraph 11.

23        12.   Answering paragraph 12 of the SAC, Handi-Craft denies each and every

24   allegation contained in paragraph 12.

25        13.   Answering paragraph 13 of the SAC, Handi-Craft denies each and every

26   allegation contained in paragraph 13.

27        14.   Answering paragraph 14 of the SAC, Handi-Craft denies each and every

28   allegation contained in paragraph 14.

3

EXHIBIT D

15. Answering paragraph 15 of the SAC, Handi-Craft denies each and every allegation contained in paragraph 15.

## FIRST CLAIM FOR RELIEF

## (Damages for Breach of Contract)

16. Answering paragraph 16 of the SAC, Handi-Craft incorporates by reference its response to paragraphs 1 through 15 as if fully set forth herein.

17. Answering paragraph 17 of the SAC, Handi-Craft denies each and every allegation contained in paragraph 17.

18. Answering paragraph 18 of the SAC, Handi-Craft denies each and every allegation contained in paragraph 18.

25. Answering the paragraph 25 of the SAC that is labeled 25 but is inserted between paragraphs 18 and 19 of the SAC, Handi-Craft denies each and every allegation contained in said paragraph.

19. Answering paragraph 19 of the SAC, Handi-Craft denies each and every allegation contained in paragraph 19.

## SECOND CLAIM FOR RELIEF

## (Specific Performance In The Alternative To Damages Remedy)

20. Answering paragraph 20 of the SAC, Handi-Craft incorporates by reference its response to paragraphs 1 through 19 as if fully set forth herein.

21. Answering paragraph 21 of the SAC, Handi-Craft denies each and every allegation contained in paragraph 21.

22. Answering paragraph 22 of the SAC, Handi-Craft denies each and every allegation contained in paragraph 22.

23. Answering paragraph 23 of the SAC, Handi-Craft denies each and every allegation contained in paragraph 23.

DEFENDANT HANDI-CRAFT COMPANY'S ANSWER TO
SECOND AMENDED COMPLAINT AND COUNTERCLAIM

No.  C08-04193

EXHIBIT R

# THIRD CLAIM FOR RELIEF

## (Restitution)

24.    Answering paragraph 24 of the SAC, Handi-Craft incorporates by reference its response to paragraphs 1 through 23 as if fully set forth herein.

25.    Answering paragraph 25 of the SAC, Handi-Craft denies each and every allegation contained in paragraph 25.

26.    Answering paragraph 26 of the SAC, Handi-Craft denies each and every allegation contained in paragraph 26.

27.    Answering paragraph 27 of the SAC, Handi-Craft denies each and every allegation contained in paragraph 27.

28.    Answering paragraph 28 of the SAC, Handi-Craft denies each and every allegation contained in paragraph 28.

## AFFIRMATIVE DEFENSES

29.    As a first affirmative defense to each cause of action of the SAC, Whittlestone's SAC, and all claims therein, fail to state claims upon which relief can be granted.

30.    As a second affirmative defense to each cause of action of the SAC, Whittlestone failed to mitigate its damages.

31.    As a third affirmative defense to each cause of action of the SAC, Whittlestone did not suffer any loss nor was it disadvantaged as a result of Handi-Craft's alleged conduct.

32.    As a fourth affirmative defense to each cause of action of the SAC, Whittlestone's SAC, and all claims therein, are barred due to a material failure of consideration.

33.    As a fifth affirmative defense to each cause of action of the SAC, Whittlestone's SAC, and all claims therein, are barred because if Handi-Craft breached the Agreement, which Handi-Craft denies, Whittlestone first breached and repudiated the Agreement by its own actions and omissions, which excused any further performance by Handi-Craft.

34.    As a sixth affirmative defense to each cause of action of the SAC, Whittlestone's SAC, and all claims therein, are barred because Handi-Craft cancelled the Agreement for good cause pursuant to the termination provision of the Agreement.

5

EXHIBIT R

35.     As a seventh affirmative defense to each cause of action of the SAC, Whittlestone's SAC, and all claims therein, are barred as a result of waiver in that Whittlestone agreed to suspend or waive the minimum requirements of the Agreement.

36.     As an eighth affirmative defense to each cause of action of the SAC, Handi-Craft is entitled to rescind the Agreement due to a material failure of consideration.

37.     As a ninth affirmative defense to each cause of action of the SAC, the SAC, and all claims therein, are barred by laches and/or the applicable statute of limitations.

38.     As a tenth affirmative defense to each cause of action of the SAC, Whittlestone is not entitled to equitable relief because the SAC fails to demonstrate the inadequacy of legal relief.

29.     As an eleventh affirmative defense to each cause of action of the SAC, Whittlestone is not entitled to equitable relief because of Whittlestone's unclean hands.

## HANDI-CRAFT'S PRAYER FOR RELIEF

WHEREFORE, having fully answered, Handi-Craft prays as follows:

1.     that Whittlestone take nothing by reason of its SAC,

2.     that the Court dismiss Whittlestone's SAC in its entirety with prejudice,

3.     that Handi-Craft be awarded costs and, to the extent available, reasonable attorney's fees incurred herein, and

4.     that Handi-Craft be awarded other and further relief as the Court deems just and proper.

## COUNTERCLAIM

Comes now defendant, Handi-Craft Company ("Handi-Craft"), and for its Counterclaim against plaintiff, Whittlestone, Inc. ("Whittlestone"), states as follows:

## Parties

1.     Handi-Craft is a Missouri corporation with its principal place of business located in St. Louis, Missouri.

2.     Upon information and belief, Whittlestone is a California corporation with

6

DEFENDANT HANDI-CRAFT COMPANY'S ANSWER TO             No. C08-04193
SECOND AMENDED COMPLAINT AND COUNTERCLAIM

EXHIBIT D

its principal place of business located in California.

## Jurisdiction and Venue

3.      This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §1332 and the amount in controversy exceeds $75,000, exclusive of interests and costs. The Court also has jurisdiction over this Counterclaim pursuant to 28 U.S.C. 1367. Venue is appropriate in the Northern District of California pursuant to 28 U.S.C. §§1391(a)(1) and (2).

## Intradistrict Assignment

4.      A substantial number of events which give rise to this action occurred in the County of Contra Costa. Pursuant to Civil Local Rules 3-2(c) and (e), assignment to the Oakland Division of this Court is appropriate.

## Facts

5.      On or about March 23, 2006, Whittlestone and Handi-Craft entered into a written Agreement ("Agreement") which provided, *inter alia*, for the manufacture and sale of products by Whittlestone to Handi-Craft for resale to third party retailers. A copy of the Agreement is attached as Exhibit A to Whittlestone's SAC and is incorporated by reference herein.

6.      The products identified in the Agreement for manufacture and sale by Whittlestone to Handi-Craft (the "Whittlestone Products") included three types of breast pumps, two electric and one manual, along with certain accessory products.

7.      The Agreement provided that Handi-Craft would offer to sell the Whittlestone Products to Toys R'Us/Babies R'Us ("TRU/BRU") as the exclusive major retailer for one year.

8.      Handi-Craft fulfilled all of its material obligations contained in the Agreement and/or was excused from performance of such obligations.

7

DEFENDANT HANDI-CRAFT COMPANY'S ANSWER TO       No. C08-04193
SECOND AMENDED COMPLAINT AND COUNTERCLAIM

EXHIBIT B

9.     All conditions precedent required for Whittlestone's performance pursuant to the Agreement occurred or were excused.

## FIRST CLAIM FOR RELIEF

### (Damages for Breach of Contract)

10.     Handi-Craft restates and incorporates paragraphs 1 through 9 of this Counterclaim by reference as if fully set forth herein.

11.     By its actions and omissions, Whittlestone breached the Agreement as follows:

a.     by failing to supply within a commercially reasonable time any of the three types of breast pumps that would meet commercially reasonable standards,

b.     by failing to supply the Whittlestone Products in a timely fashion pursuant to paragraph 6(d) of the Agreement,

c.     by failing to provide an adequate supply of Whittlestone Products,

d.     by failing to comply with Handi-Craft's rights of first refusal with respect to baby-related products that related to or complemented the Whittlestone Products or products sold by Handi-Craft,

e.     by manufacturing or supplying Whittlestone Products that were not compatible with baby bottles sold by Handi-Craft,

f.     by manufacturing or supplying Whittlestone Products that failed to meet all applicable industrial standards,

g.     by manufacturing or supplying Whittlestone Products that failed to meet Handi-Craft's specifications, and

h.     by manufacturing or supplying Whittlestone Products that failed to meet commercially reasonable standards.

DEFENDANT HANDI-CRAFT COMPANY'S ANSWER TO                    No. C08-04193
SECOND AMENDED COMPLAINT AND COUNTERCLAIM

EXHIBIT R

12. As a direct and proximate result of Whittlestone's material breaches, Handi-Craft has sustained damages in an amount to be proven at trial, but in no event less than $250,000, including, but not limited to, lost profits.

## SECOND CLAIM FOR RELIEF

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

13. Handi-Craft restates and incorporates paragraphs 1 through 9 of this Counterclaim by reference as if fully set forth herein.

14. Whittlestone unfairly interfered with Handi-Craft's right to receive the benefits of the Agreement by, among other actions and omissions, failing to cooperate with Handi-Craft to timely provide pertinent information and materials related to Handi-Craft's attempts to sell the Whittlestone Products and thus frustrating Handi-Craft's ability to sell the same, failing to provide Handi-Craft with rights of first refusal and by failing to maintain relationships with its key suppliers during the course of the Agreement.

15. As a direct and proximate result of Whittlestone's material breach of the implied covenant of good faith and fair dealing, Handi-Craft has sustained damages in an amount to be proven at trial, but in no event no less than $250,000, including, but not limited to, lost profits.

## THIRD CLAIM FOR RELIEF

### (Rescission/Failure of Consideration in the Alternative to Damages Remedy)

16. Handi-Craft restates and incorporates paragraphs 1 through 9 of this Counterclaim by reference as if fully set forth herein.

17. After the Agreement was entered into by Hand-Craft and Whittlestone, Whittlestone initially sold manual breast pumps and single electric breast pumps to Handi-Craft for sale to TRU/BRU.

DEFENDANT HANDI-CRAFT COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIM

No. C08-04193

EXHIBIT B

18.    TRU/BRU sold both types of pumps to consumers in its retail stores in the United States and Canada.

19.    TRU/BRU and Handi-Craft subsequently received numerous and varied complaints regarding the single electric pumps to the extent that Handi-Craft was forced to recall all unsold electric pumps from TRU/BRU and also replaced many of the pumps sold to TRU/BRU consumers.

20.    Whittlestone agreed to redesign the single electric pump to the satisfaction of Handi-Craft but was not able to do so.

21.    With respect to the manual pump, when Handi-Craft's inventory began to run low and it sought to order more such pumps and parts therefor from Whittlestone, Whittlestone never filled those orders due to the fact it had discontinued its relationship with the original supplier of the manual pumps.  Whittlestone never found a new supplier to make a manual pump or its parts to the specifications and quality required by Handi-Craft.

22.    While Whittlestone was also required by the Agreement to supply a double electric pump to Handi-Craft for sale to Handi-Craft's retail customers and distributors, Whittlestone was never able to supply such a pump, despite the fact more than two years passed after the date of the Agreement.

23.    By Whittlestone's failure to supply Handi-Craft with the manual, single electric and double electric breast pumps called for in the Agreement, Whittlestone materially breached and failed to perform the Agreement, entitling Handi-Craft to seek rescission of the Agreement due to a failure of consideration.

24.    As a direct and proximate result of the failure of consideration, Handi-Craft has been substantially harmed and is entitled to rescission of the Agreement.

DEFENDANT HANDI-CRAFT COMPANY'S ANSWER TO
SECOND AMENDED COMPLAINT AND COUNTERCLAIM

No.  C08-04193

EXHIBIT B

**FOURTH CLAIM FOR RELIEF**

**(Breach of Implied Warranty)**

25.     Handi-Craft restates and incorporates paragraphs 1 through 9 and 17 through 20 of this Counterclaim by reference as if fully set forth herein.

26.     Handi-Craft purchased single electric pumps from Whittlestone pursuant to the Agreement.

27.     At the time of the purchase, Whittlestone was in the business of selling breast pumps and knew or had reason to know that Handi-Craft intended to use the pumps for a particular purpose.

28.     The single electric pumps were not of the same quality as those generally acceptable in the trade and were not fit for the ordinary purposes for which such goods are used.

29.     At the time of the purchase, Whittlestone knew or had reason to know that Handi-Craft was relying on Whittlestone's skill and judgment to furnish a single electric pump that was suitable for the particular purpose.

30.     Handi-Craft justifiably relied on Whittlestone's skill and judgment.

31.     The single electric pumps were not suitable for the particular purpose.

32.     Handi-Craft took reasonable steps to notify Whittlestone within a reasonable time that the single electric pumps did not have the expected quality and that they were not suitable for that particular purpose.

33.     As a direct and proximate result of Whittlestone's breach of warranty, Handi-Craft was substantially harmed and damaged.

34.     The failure of the single electric pumps to have the expected quality and to be suitable was a substantial factor in causing Handi-Craft's harm.

11

DEFENDANT HANDI-CRAFT COMPANY'S ANSWER TO
SECOND AMENDED COMPLAINT AND COUNTERCLAIM

No.  C08-04193

EXHIBIT B

1    WHEREFORE, Handi-Craft prays that judgment be entered in its favor on its

2  Counterclaim and against Whittlestone:

3    1.    For damages in an amount to be proven at trial, including pre-judgment

4          interest,

5    2.    In the alternative, for a judicial determination that Handi-Craft is entitled to

6          rescind the Agreement,

7    3.    For an award of its costs herein expended and, to the extent available,

8          reasonable attorneys' fees incurred herein; and

9    4.    For such other and further relief as the Court deems just and proper.

10

11

12  DATED: May _____, 2011

13

14                              HERZOG CREBS LLP

15

16                              _____

17                              PETER W. HERZOG
                                Attorneys for Defendant/Counter-Claimant
18                              HANDI-CRAFT COMPANY

19

20

21

22

23

24

25

26

27

28

---

12

EXHIBIT B

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment of the United States Constitution, Article I; Section 16 of the Constitution of the State of California and California Code of Civil Procedure, Section 592, HANDI-CRAFT COMPANY requests a trial by jury of all claims and issues so triable.

Dated: May _____, 2011                     HERZOG CREBS LLP


_____
PETER W. HERZOG
Attorneys for Defendant/Counter-Claimant
HANDI-CRAFT COMPANY


P:\1000\1013\1013-0037\Pleadings\Remanded Case\Answer and Counterclaim to Second Amd Complaint 5-31-11.DOC

DEFENDANT HANDI-CRAFT COMPANY'S ANSWER TO                    No. C08-04193
SECOND AMENDED COMPLAINT AND COUNTERCLAIM

EXHIBIT B

Re:   **Whittlestone, Inc. v. Handi-Craft Company**
       **United States District Court, Case No. CV 08-04193 SBA**

### CERTIFICATE OF SERVICE

     I, the undersigned, hereby certify that I am over the age of eighteen years and not a party to the within action. My business address is 99 Almaden Boulevard, Suite 1000, San Jose, California 95113-1606. On the date indicated below, I caused to be served in the manner indicated below the following document(s):

**STIPULATION FOR ORDER AND ORDER TO ALLOW FILING OF SECOND AMENDED COMPLAINT, ANSWER TO SECOND AMENDED COMPLAINT AND COUNTER-CLAIM**

| | |
|---|---|
| | **MAIL** I am readily familiar with the practice of this business for collection and processing of documents for mailing with the United States Postal Service. Documents so collected and processed are placed for collection and deposit with the United States Postal Service that same day in the ordinary course of business. The above-referenced document(s) were placed in (a) sealed envelope(s) with postage thereon fully prepaid, addressed to each of the below listed parties and such envelope(s) was (were) placed for collection and deposit with the United States Postal Service on the date listed below at San Jose, California. |
| | **FACSIMILE** I am readily familiar with the practice of this business for processing of documents via Telefax. Documents so processed are sent through the Telefax machine in our office and received simultaneously at their destination. The above-referenced document(s) were placed in the Telefax machine with all costs of Telefaxing prepaid, directed to each of the below listed parties using their Telefax number(s), and processed through the Telefax equipment, until a report is provided by that equipment indicating that the Telefax operation was successful. |
| | **FEDERAL EXPRESS** by placing a true copy thereof (to which was attached a copy of this document) in a sealed envelope, and transmitting said documents via Federal Express, guaranteed overnight delivery, to person(s) address as follows: |
| X | **BY ELECTRONIC MAIL.** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed as follows: rsallander@gpsllp.com; jmakin@gpsllp.com; rsabnis@burnhambrown.com; pwh@herzogcrebs.com; mav@herzogcrebs.com |

Dean Pollack
Rohit Sabnis
Burnham Brown
1901 Harrison Street, 11th Floor
P. O. Box 119
Oakland, CA  94604
Telephone:  (510) 444-6800
Facsimile:   (510) 835-6666
Email:        rsabnis@burnhambrown.com

Herzog Crebs LLP
Peter W. Herzog, *Pro Hac Vice*
Michael A. Vitale, *Pro Hac Vice*
100 North Broadway, 14th Floor
St. Louis, MO 63102
Telephone:  (314) 231-6700
Facsimile:   (314) 231-4656
Email:       pwh@herzogcrebs.com
              mav@herzogcrebs.com

Executed on June 6, 2011 at San Jose, California.  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

_____
Maria Ramos

PROOF OF SERVICE