United States District Court
Northern District of California

1
2
3
4
5
6
7                        IN THE UNITED STATES DISTRICT COURT
8                      FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10
11
12   WHITTLESTONE, INC.,                      Case No. CV-08-4193 (JSC)
                   Plaintiff,                 **ORDER RE: JOINT STATEMENT OF**
13                                            **DISCOVERY DISPUTE (DKT. NO.**
            v.                                **185)**
14
15   HANDI-CRAFT COMPANY,
16                   Defendant.
17
18
         The Court is in receipt of a joint letter from the parties regarding a discovery dispute
19
     over the adequacy of Whittlestone's document production.  (Dkt. No. 185.)  After carefully
20
     considering the arguments and briefing submitted, the Court concludes that oral argument is
21
     unnecessary, *see* Civ. L.R. 7-1(b), and DENIES Handi-Craft's request to compel further
22
     document production.
23
         Pursuant to the Court's Scheduling Order (Dkt. No. 102) the fact discovery cut-off was
24
     May 14, 2012 and "motions to resolve discovery disputes [must] be heard before the []
25
     discovery cut-off."  Handi-Craft nonetheless waited until nearly a year after the fact discovery
26
     cut-off and six weeks before trial to seek to compel additional discovery from Whittlestone.
27
     Handi-Craft's attempt to boot-strap its request for these documents to the discovery dispute
28
     brought by the parties on May 15, 2012 (Dkt No. 105) by arguing that the documents sought

United States District Court
Northern District of California

1  here are "relevant" to documents sought in the prior timely discovery dispute is unpersuasive.

2  Further, Handi-Craft's argument that Whittlestone had agreed to produce these documents and

3  that Whittlestone is thus "not in compliance with its agreement," even if true, is immaterial.

4  The Court set a deadline for filing motions to compel and Handi-Craft has neither sought

5  relief from the Court's Scheduling Order nor demonstrated good cause to do so.  *See Johnson*

6  *v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order is not

7  a frivolous piece of paper, idly entered which can be cavalierly disregarded by counsel

8  without peril." (internal quotations and citation omitted)).

9          Accordingly, Handi-Craft's untimely request to compel additional discovery from

10  Whittlestone is DENIED.

11          This Order disposes of Docket. No. 185.

12

13          **IT IS SO ORDERED.**

14

15  Dated:  May 7, 2013

16                                                    _____
                                                      JACQUELINE SCOTT CORLEY
17                                                    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28